**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARCO PEREZ ) | | 1:11-cv-01820 GSA PC |
| ) | | |
| Plaintiff, ) | | ORDER REQUIRING PLAINTIFF TO |
| ) | | FILE AMENDED COMPLAINT OR |
| v. ) | | NOTIFY COURT OF WILLINGESS TO |
| ) | | PROCEED ONLY ON CLAIMS |
| ) | | FOUND TO BE COGNIZABLE |
| D. G. ADAMS, et al., ) | | |
| ) | | RESPONSE DUE IN THIRTY DAYS |
| Defendants. ) | | |
| ) | | |

**I.     Screening Requirement**

Plaintiff Daniel R. Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on November 14, 2011 (ECF No. 4).

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison. Plaintiff names the following individuals: Warden Adams; Administrative Officer Leon; Lieutenant Matthews; Lt. Hubach; Sergeant Schneider; Sergeant Carter; Sergeant Taber; Sergeant Latraile; Correctional Officer (C/O) Pimentel; C/O Byrum. Plaintiff claims that he was subjected to conditions of confinement such that they violated the Eighth Amendment's prohibition of cruel and unusual punishment.

Plaintiff alleges that in the middle of February 2008, Corcoran staff conducting the routine unclothed body searches on inmates returning from the yard began the practice of conducting the searches in an exposed cage outside on the yard instead of inside the housing area. Plaintiff alleges that on March 15, 2008, during yard recall, "staff refused to remove Plaintiff from the yard unless he submitted to a public strip search in a filthy environment and in

front of female staff." Plaintiff requested an unclothed body search instead. Because Plaintiff refused to be strip searched, he was left outside in the holding cage until 5:30 a.m., missing lunch and dinner. During the night, Defendant Hubach ordered the removal of Plaintiff's property from his cell, including clothing, blankets and sheets.

Plaintiff alleges that at 5:30 a.m. the next morning, he was "subjected to unnecessary and excessive force for the sole purpose of forcing Plaintiff to perform a degrading public strip search." Specifically, Plaintiff alleges that Defendants Schneider and Carter "repeatedly pepper sprayed Plaintiff in the body and face (including his penis and eyes) until he got completely naked to perform the unclothed body search full of chemicals, in very cold weather and in plain view of a yard full of inmates and staff, including females." The use of force was authorized and Defendants Mathews and Leon.

Plaintiff alleges that he was not properly decontaminated. While being taken back to his unit, Defendants Pimentel and Byrum "took Plaintiff to the ground," where they "began to bang Plaintiff head into the ground." Sgt. Taber came up to Plaintiff and pulled Plaintiff's leg from under him, which caused his leg to bleed. Plaintiff alleges that despite numerous requests, he was not given medical attention and "was not even sprayed with water."

Plaintiff was then placed in his cell with only a mattress, completely naked and shivering "due to the effects of the chemicals and cold cell without anything to keep him warm vent blowing cold air in the cell." Plaintiff alleges that he was never decontaminated, and that he was not given any other clothing or bedding for three days, and that during that time his requests for medical attention were ignored.

### B. Eighth Amendment Claims

#### 1. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not

3

violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations describing the incident of physical force on March 15, 2008, are sufficient to give rise to a claim for relief against Defendants Schneider, Carter, Pimental and Byrum for use of excessive physical force, and for failure to decontaminate Plaintiff. As to Defendants Matthews and Leon, Plaintiff alleges that they authorized the use of force. Given Plaintiff's allegations that he was refusing to comply with orders to be strip searched, the mere fact of authorizing the use of force to gain compliance does not violate the Eighth Amendment. There are no facts alleged indicating that Matthews or Leon authorized the use of excessive force, or in any way directed the use of excessive force.

As to Sgt. Taber, the only conduct charged is that he pulled Plaintiff's leg out from underneath him, causing it to bleed. The Court finds this allegation to be vague. It appears from the allegations that Plaintiff was on the ground at this point, and the act of pulling Plaintiff's leg out from underneath him, without more, fails to state a claim for excessive force.

### 2. Cell Conditions

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations concerning his cell conditions do give rise to an Eight Amendment violation, but Plaintiff fails to specifically allege facts indicating which particular defendants were aware of Plaintiff's conditions and disregarded them. Plaintiff names multiple defendants. The Court cannot assume that each of the named defendants were specifically aware of Plaintiff's cell conditions and disregarded them, or that each of the named defendants was responsible for them. Plaintiff must specifically allege facts indicating that the defendants knew of his conditions and acted with disregard to those conditions.

### 3. Denial of Medical Treatment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has sufficiently alleged the need for medical care for his injuries and the failure of Defendants Schneider, Carter, Pimental and Byrum to respond to his requests for treatment. Accordingly, Plaintiff states a claim for violation of the Eighth Amendment.

### C. Unclothed Body Search

Plaintiff alleges that the strip searches conducted in the yard were unsanitary and humiliating. Even assuming the yard was dirty, cold and wet during the winter months, subjecting inmates to strip searches upon entry to and exit from an outdoor exercise yard does not result in the inmates being subjected to conditions so severe and/or prolonged that they rise to the level of an Eighth Amendment violation. Johnson, 217 F.3d at 731-32. The mere public nature of the searches likewise is not sufficient to implicate the Eighth Amendment. Somers v. Thurman, 109 F.3d 614, 622-23 (9th Cir. 1997). Finally, there is no support for the claim that in

enacting the policy, Defendant Adams knowingly disregarded a substantial risk of harm to inmate health or safety.

While Plaintiff alleges that Defendants were deliberately indifferent, the allegations in the complaint indicated that Plaintiff was deprived of meals and exposed to the elements because of his refusal to comply with the orders of correctional officials to submit to a strip search.  See Rodriguez v. Briley, 403 F.3d 952,953 (7th Cir. 2005)("deliberate non-compliance with a valid rule does not convert the consequences that automatically flow from that non-compliance into punishment."); Talib v. Gilley, 138 F.3d 211, 216 (5th Cir. 1998)(as the deprivation was caused by inmate's decision not to comply no violation of Eighth Amendment occurred).   Given the circumstances confronting prison officials, the attempt to gain compliance with lesser sanctions than the use of force was reasonable.  Since the conditions that Plaintiff was subjected to were due to his own actions in failing to comply with prison officials as a protest, the allegations fail to state a cognizable claim.

### D.      Supervisory Liability

Plaintiff names as a defendants Warden Adams.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal , 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff has failed to do so here.  Warden Adams should therefore be dismissed.

### III.     Conclusion and Order

Plaintiff's complaint states claims under the Eighth Amendment against Defendants Schneider, Carter, Pimental and Byrum for excessive force and deliberate indifference to Plaintiff's medical needs.  However, the complaint does not state any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and defendants, and will forward to Plaintiff four summonses and four USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  With respect to defendants like Warden Adams, "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"  Id. at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554  (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

7

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Schneider, Carter, Pimental and Byrum for use of excessive physical force and deliberate indifference to medical needs and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 30, 2014**         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE