UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>D. G. ADAMS, et al.,<br><br>　　　　　Defendants. | 1:11-cv-01820-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, FOR LIMITED PURPOSE<br>(Doc. 24.)<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO MODIFY SCHEDULING ORDER<br>(Doc. 20.)<br><br>**New Discovery Deadline:  11/30/15**<br><br>**New Dispositive Motions Deadline: 01/29/16** |

## I.     BACKGROUND

Marco Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 1, 2011.  (Doc. 1.)  The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Docs. 4, 26.)

The court screened the Complaint and issued an order on May 30, 2014, requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found cognizable by the court. (Doc. 7.)  On June 16, 2014, Plaintiff filed written notice that he did not wish to file an amended complaint, and wished to proceed only against defendants Schneider, Carter, Pimental, and Byrum for use of excessive force and deliberate indifference to medical needs.  (Doc. 8.)  This case now proceeds with Plaintiff's

original Complaint, against defendants Sergeant Schneider, Sergeant Carter, Correctional Officer (C/O) Pimentel, and C/O Byrum ("Defendants"), for use of excessive force and deliberate indifference to medical needs, in violation of the Eighth Amendment.[1]

On September 30, 2014, Defendants filed an Answer to the Complaint. (Doc. 18.) This case is now in the discovery phase, pursuant to the court's Scheduling Order of October 21, 2014. (Doc. 20.)

On March 16, 2015, Plaintiff filed a motion for leave to amend the Complaint. (Doc. 24.) On April 16, 2015, Defendants filed a response and opposition to Plaintiff's motion, and a motion to modify the court's Scheduling Order. (Doc. 27.) Plaintiff has not filed a reply.

## II.    LEAVE TO AMEND – RULE 15(a)

### A.    Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Id. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Defendants have filed and served a responsive pleading. Plaintiff asserts that on January 19, 2015, he asked for Defendants' consent prior to amending the Complaint, and

---

[1] On June 18, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 9.) The court's order dismissed Plaintiff's claims based on cell conditions, unclothed body searches, and supervisory liability, and dismissed defendants Warden Adams, Administrative Officer Leon, Lieutenant Matthews, Lieutenant Hubach, Sergeant Taber, and Sergeant Latraille from this action, based on Plaintiff's failure to state any claims against them. (Id.)

"[t]hey appeared to agree [for] the above mention (*sic*) reasons." (Id. at 1:27-28.) Plaintiff's assertion, without more, does not amount to written consent by Defendants. Therefore, Plaintiff requires leave of court to amend the Complaint.

### B.      **Plaintiff's Motion**

Plaintiff seeks leave to amend the Complaint "to name the right defendants and correct all errors" in the Complaint. (Doc. 24 at 1:20-21.) Plaintiff asserts that in his original Complaint, he wrongly named defendants Schneider and Carter, and he seeks to replace them with the proper defendants.

Plaintiff has submitted a proposed First Amended Complaint. (Doc. 24 at 2-14.)

### *Proposed First Amended Complaint*

The events at issue in the proposed First Amended Complaint allegedly occurred at Corcoran State Prison ("CSP") in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer (C/O) Byrum, C/O A. Pimental, Sergeant W. Taber, Sergeant D. Latraille, R. Hubach, LVN Johnson, LVN Lopez, LVN Moss, Sergeant R. Anderson, Adams, Pineda, and John Doe (RN).[2] All of the Defendants were employed by the California Department of Corrections and Rehabilitation at CSP at the time of the events at issue. Plaintiff's factual allegations follow.

Plaintiff alleges that beginning in February 2008, pursuant to a memo written by defendant Adams, staff at CSP began conducting unclothed body inspections of inmates outside on the yard instead of in a holding cell, prior to and after outdoor exercise. As a result, Plaintiff was forced to strip naked in a filthy yard filled with insects and bird feces, sometimes in the rain, in plain view of a yard full of inmates and staff, including female staff. This practice violates prison policy and administrative regulations.

On March 15, 2008 at noon, staff refused to remove Plaintiff from the yard unless he submitted to a public unclothed body search. Plaintiff requested that the search be conducted

---

[2] Defendants Anderson, Adams, Pineda, and John Doe (RN) are not included in Plaintiff's itemized list of parties in the proposed First Amended Complaint, (Doc. 24 at 3-4), but defendant Anderson is named in the caption on the front page of the proposed complaint, and Adams, Pineda, and John Doe (RN) are referred to as defendants in the body of the proposed complaint, (Doc. 24 at 1:13, 5:15, 7:10-11)

inside a holding cell to afford some privacy and dignity, but Plaintiff's request was disregarded and he was left outside in cold weather until 5:30 a.m. the next day, without lunch or dinner. While Plaintiff was outside, defendant Hubach ordered the removal of Plaintiff's property from his cell, including clothing, blankets, sheets, and hygiene products.

At 5:30 a.m. on March 16, 2008, defendants Hubach, Latraille, and Taber forced Plaintiff to submit to an unclothed body search by applying pepper spray to Plaintiff's body and face, including his eyes and genitals, until he stripped completely naked in very cold weather and in plain view of a yard full of inmates and staff, including females. Defendants Hubach and Leon authorized the use of force, which was video recorded by defendant Sergeant R. Anderson.

After being pepper sprayed, Plaintiff was not adequately decontaminated or offered pain medication by any of the named Defendants. While escorting Plaintiff to his unit, C/O Byrum and C/O Pimental used force on Plaintiff because he did not want to see medical staff. Plaintiff was slammed to the ground, where Byrum and Pimental banged Plaintiff's head to the ground and defendant Taber yanked Plaintiff's leg, causing great pain and bleeding. Nurses Johnson, Lopez and Moss refused to give Plaintiff medical care or medication, or clean out Plaintiff's abrasions. Plaintiff continues to suffer pain in his chin.

Later, defendants Pineda and John Doe (RN) passed by Plaintiff's cell and refused Plaintiff's requests for medication to ease his burning skin, yelling to him to use water. Plaintiff was forced to spend the rest of the night in his cell naked, with only a mattress, shivering and in pain. Plaintiff was left without a blanket, sheet, clothing, or hygiene products, and could not sleep for three days. On the evening of March 18, 2008, Plaintiff's property was returned to him, but his written requests for medical care were ignored.

Plaintiff brings claims for excessive force, adverse conditions of confinement, and inadequate medical care under the Eighth Amendment. Plaintiff also brings claims for an improper body search under the Fourth Amendment, and claims based on supervisory liability. Plaintiff also brings state law claims for negligence and violation of the California Constitution, ///

penal code, and regulations. Plaintiff requests monetary damages, injunctive and declaratory relief, attorney's fees, and appointment of counsel.

C. **Defendants' Position**

Defendants do not oppose Plaintiff's motion to the extent he seeks to add defendants Latraille and Taber to replace defendants Carter and Schneider. Counsel for Defendants informed Plaintiff by letter dated February 10, 2015, that she was willing to agree to this substitution after discovering that Carter and Schneider were not involved in the March 16, 2008 extraction, and that Latraille and Taber dispersed pepper spray during the incident at issue in this case. Thus, Defendants have consented to Plaintiff's proposed amendment to add Latraille and Taber as defendants and dismiss defendants Carter and Schneider.

However, Defendants do not consent to, and they oppose, Plaintiff's additional proposed amendments. Defendants argue that it is futile for Plaintiff to revive Fourth Amendment claims and claims against Lieutenant Hubach, which the court previously dismissed. Defendants also argue that it is futile to add nurses Johnson, Lopez, and Moss as defendants to this action for deliberate indifference to medical needs, because Plaintiff provides no explanation why they were not named or identified in the original complaint, such that any claims against them are time-barred. Defendants also argue that Plaintiff's additional proposed amendments are futile and untimely because Plaintiff was granted leave to amend after the court screened the complaint, but chose to proceed only on the claims the court found cognizable.

D. **Discussion**

Defendants have consented to the amendment of the complaint to replace defendants Schneider and Carter with defendants Taber and Latraille as persons involved in the March 16, 2008 incident at issue. Therefore, the court finds good cause to allow Plaintiff to amend the complaint to correctly identify these defendants.

The court finds that it would be futile to allow Plaintiff to reinstate his claims concerning the unclothed body search, supervisory liability, and cell conditions, or to reinstate defendants Adams and Leon. Plaintiff's allegations in the proposed First Amended Complaint

concerning these claims and defendants are nearly identical to those which the court dismissed from the original Complaint for failure to state a claim. Moreover, Plaintiff consented to the dismissal of those claims and defendants on June 16, 2014. (Doc. 8.) Therefore, Plaintiff shall not be permitted to reinstate these claims and defendants.

Plaintiff also seeks to reinstate defendant Hubach, who was dismissed from the original Complaint based on Plaintiff's failure to state a claim against him. Plaintiff's allegations and claims against defendant Hubach in the proposed First Amended Complaint are nearly identical as those in the original Complaint, except that Plaintiff now alleges that Hubach participated in the March 16, 2008 incident at issue, excessively pepper-spraying Plaintiff and authorizing the use of force against him. The court finds that Plaintiff may be able to state a claim against defendant Hubach in the proposed complaint for his personal participation in the pepper-spray assault against Plaintiff, but not for acts of supervisory liability in authorizing the use of force. Therefore, Plaintiff shall be allowed to reinstate defendant Hubach, but only for his personal participation in the assault.

Under the allegations of the proposed First Amended Complaint, Plaintiff may be able to state medical claims against defendants Pineda, John Doe (RN), Nurse Johnson, Nurse Lopez, and Nurse Moss, for refusing to provide medical care to Plaintiff. Therefore, Plaintiff shall be permitted to add them as defendants for inadequate medical care.[3] However, it would be futile to allow Plaintiff to add defendant Sergeant R. Anderson for merely video recording the use of force incident. This allegation against Anderson, without more, is insufficient to state any cognizable claim against him under § 1983. Therefore, Plaintiff shall not be permitted to add Sergeant R. Anderson, or any claims against him, to the First Amended Complaint.

With respect to Plaintiff's state law claims, Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to

---

[3] Defendants argue that it is futile for Plaintiff to add new claims that appear to be time-barred. However, at this stage of the proceedings, the court shall not deny Plaintiff's amendment based on the possibility of an affirmative defense.

6

state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

Based on the foregoing, Plaintiff shall be granted leave to file a new First Amended Complaint to substitute defendants Latraille and Taber for defendants Carter and Schneider; to reinstate defendant Hubach, only for his personal participation in the pepper-spray assault against Plaintiff; and to add medical claims against defendants Pineda, John Doe (RN), Nurse Johnson, Nurse Lopez, and Nurse Moss.  Thus, Plaintiff's First Amended Complaint may only include allegations against defendants C/O Byrum, C/O Pimental, Latraille, Taber, Hubach, Pineda, John Doe (RN), Nurse Johnson, Nurse Lopez, and Nurse Moss.  Plaintiff shall not be granted leave to reinstate his claims concerning the unclothed body search, supervisory liability, and cell conditions, to reinstate defendants Adams and Leon, or to add defendant Sergeant R. Anderson.

### III. MOTION TO MODIFY SCHEDULING ORDER

Defendants have requested modification of the court's Scheduling Order to extend the deadlines for completion of discovery and filing of pretrial dispositive motions.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, he or she cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

///

Defendants request, if the court should grant any part of Plaintiff's motion for leave to amend, that the court modify the current Scheduling Order of October 21, 2014, to extend the discovery and dispositive-motion deadlines. Defendants request additional time to allow defendants Latraille and Taber to be served and to appear before Defendants take Plaintiff's deposition, and to allow Defendants to file a single motion for summary judgment.

### Discussion

The court finds good cause to extend the deadlines in the court's Scheduling Order. Defendants have shown that if new defendants are added to this action, Defendants will be unable to complete discovery and file a single dispositive motion within the current deadlines. Pursuant to this order, Plaintiff shall be granted leave to add new defendants to this action. Therefore, the deadline for completion of discovery shall be extended to November 30, 2015, and the deadline for filing pretrial dispositive motions shall be extended to January 29, 2016.

### IV.    CONCLUSION AND ORDER

Based on the foregoing, Plaintiff is granted leave to file a new First Amended Complaint within thirty days, for the limited purpose discussed in this order.

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on March 16, 2015, is GRANTED for limited purpose: to substitute defendants Latraille and Taber for defendants Carter and Schneider; to reinstate defendant Hubach, only for his personal participation in the pepper-spray assault against Plaintiff; and to add medical

///

claims against defendants Pineda, John Doe (RN), Nurse Johnson, Nurse Lopez, and Nurse Moss;

2. Plaintiff is DENIED leave to amend the complaint to reinstate his claims concerning the unclothed body search, supervisory liability, and cell conditions, to reinstate defendants Adams and Leon, or to add defendant Sergeant R. Anderson;

3. Plaintiff is DENIED leave to file the proposed First Amended Complaint lodged on March 16, 2015;

4. Within thirty days from the date of service of this order, Plaintiff shall file a new First Amended Complaint as instructed by this order;

5. The First Amended Complaint shall refer to case number 1:11-cv-01820-GSA-PC and be an original signed under penalty of perjury;

6. Defendants' request to modify the court's October 21, 2014 Scheduling Order is GRANTED;

7. The deadline for the completion of discovery, including the filing of motions to compel, is extended from June 21, 2015 to **November 30, 2015**;

8. The deadline for the parties to file pretrial dispositive motions is extended from August 31, 2015 to **January 29, 2016**;

9. All other provisions of the court's October 21, 2014 Scheduling Order remain the same; and

10. Plaintiff's failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   **May 16, 2015**            /s/ Gary S. Austin
                              UNITED STATES MAGISTRATE JUDGE