UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO PEREZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>D. G. ADAMS, et al.,<br><br>        Defendants. | 1:11-cv-01820-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO CHANGE THE FIRST PAGE OF THE FIRST AMENDED COMPLAINT<br>(Doc. 32.) |

**I.    BACKGROUND**

Marco Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 1, 2011.  (Doc. 1.)  The court screened the Complaint and issued an order on May 30, 2014, requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found cognizable by the court.  (Doc. 7.)  On June 16, 2014, Plaintiff filed written notice that he did not wish to file an amended complaint, and wished to proceed only against defendants Schneider, Carter, Pimental, and Byrum for use of excessive force and deliberate indifference to medical needs.  (Doc. 8.)  The case proceeded with Plaintiff's original Complaint, against defendants Sergeant Schneider, Sergeant Carter, Correctional Officer (C/O) Pimentel, and C/O Byrum ("Defendants"), for use of excessive force and deliberate indifference to medical needs, in violation of the Eighth Amendment.[1]

---

[1] On June 18, 2014, the court issued an order dismissing all other claims and defendants from the Complaint, based on Plaintiff's failure to state a claim.  (Doc. 9.)

1

On September 30, 2014, defendants Schneider, Carter, Byrum, and Pimental filed an Answer.  (Doc. 18.)  The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Docs. 4, 26.)

On March 16, 2015, Plaintiff filed a motion to amend the Complaint.  (Doc. 24.)  On May 18, 2015, the court granted Plaintiff's motion for limited purpose.  (Doc. 29.)  On June 8, 2015, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening under 28 U.S.C. § 1915A.  (Doc. 30.)

On June 15, 2015, Plaintiff filed a request to make corrections to the first page of the First Amended Complaint.  (Doc. 32.)

## II.    LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff seeks to replace the first page of the First Amended Complaint with a different first page which Plaintiff has submitted to the court for review.  Plaintiff may not amend the First Amended Complaint in this manner.  Under Rule 220, Plaintiff may not amend the First Amended Complaint by adding information piecemeal after the First Amended Complaint has been filed.  To add information or correct an error in the First Amended Complaint, Plaintiff must file a new Second Amended Complaint which is complete within itself.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, because Plaintiff has already amended the complaint, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

The court has reviewed Plaintiff's proposed new first page for the First Amended Complaint and finds the only discernible difference to be that the proposed new page uses a case caption naming multiple defendants, whereas the existing first page uses the case caption Marco Perez v. D. G. Adams, et al.  Allowing Plaintiff to file a Second Amended Complaint with a different caption would serve no useful purpose, because the court shall continue to use the caption Marco Perez v. D. G. Adams, et al. which was assigned to this case when it was opened.  Thus, allowing Plaintiff to replace the first page as proposed would be futile.  Therefore, Plaintiff's request shall be denied.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to make corrections to the first page of the First Amended Complaint is DENIED; and
2. The First Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated:   **June 16, 2015**                         **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE